UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DERRICK HOOI,

              Plaintiff,                           AMENDED COMPLAINT
                                                      13 cv 6010 (TPG)

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL FERRARI, SGT ROBERT
BRACERO SHIELD # 598 and JOHN DOE 1, the
name being unknown and fictitious, employee of
the New York City Police Department,              **Jury Trial Demanded**

              Defendants.

---------------------------------------------------------------X

      DERRICK HOOI, by his attorney, The Law Office of Fred Lichtmacher, PC, alleges the following upon information and belief as his Complaint.

## Nature of the Action

1.     This civil rights action arises from the October 23, 2012 brutal assault on Derrick Hooi by New York City Police Officers.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3.     Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because Defendant City of New York resides in that judicial District.

## Parties

4.     Plaintiff DERRICK HOOI is a citizen of the United States of America residing in the State of New York.

5.     Defendant City of New York is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the

City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.      Defendant POLICE OFFICER MICHAEL FERRARI SHIELD # 22463 and defendant SGT ROBERT BRACERO SHIELD # 598 were at all times relevant duly appointed and acting Police Officers employed by the New York City Police Department and assigned to the 113th Police Precinct, Queens, New York.  Defendants are liable for directly participating in the events underlying this suit or for not intervening to prevent or end the misconduct to which Plaintiff was subjected.

7.      Defendant JOHN DOE 1 was, at all times relevant, duly appointed and acting police officer employed by the New York City Police Department and assigned to the 113th Police Precinct, Queens, New York.  The Defendants are liable for directly participating in the events underlying this suit or for not intervening to prevent or end the misconduct to which Plaintiff was subjected.

8.      Defendants FERRARI, BRACERO and DOE 1 (the "individual Defendants") were at all times relevant acting as agents, servants and employees acting within the scope of their employment by Defendant City of New York.

9.      At all times relevant individual Defendants were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

10.     Beginning on October 23, 2012  at around 4:00 p.m. on 115th Avenue and 168th Street in Queens, New York, the individual Defendants accosted, assaulted and arrested DERRICK HOOI.

11.     At that time and place, Plaintiff was walking down the block when a vehicle pulled up along side of the Plaintiff, almost hitting him.

12.     Three men jumped out of the vehicle, scaring the Plaintiff, and he ran from them.

13. One of the three men chased the Plaintiff on foot while the other two pursued the Plaintiff in the vehicle.

14. The unmarked vehicle and the man on foot caught up to the Plaintiff and began to kick and punch him.

15. JOHN DOE 1 punched the Plaintiff in the head.

16. Defendant Ferrari hit Plaintiff in the head with a blunt object, opening a wound towards the top of Plaintiff head.

17. Plaintiff was then handcuffed and put in the unmarked vehicle and taken to the 113th precinct.

18. Plaintiff was then taken to Jamaica Hospital, where he was treated and seven staples were needed to close the laceration caused by Defendant Ferrari.



19. None of the individual Defendants took any action to prevent, end or truthfully report the incident despite the realistic opportunity to do so.

20. In addition to physical injuries and pain, Mr. Hooi suffered emotional trauma, shock, fright and deprivation of his constitutional rights, among other injuries.

21. At all times relevant, and in using force on Mr. Hooi, the individual Defendants acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

22. As a result of the use of force, Plaintiff sustained, among other things, scalp laceration and hematoma to the top of his head.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

23. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

24. By the actions described above, the individual Defendants, and each of them, deprived Derrick Hooi of rights secured by the United States Constitution, including, but not limited to, to Mr. Hooi's right to be secure in his person from unreasonable seizures.

25. As a consequence thereof, Derrick Hooi has been injured.

SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT OR END THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

26. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

27. The individual Defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Hooi was subjected despite having a reasonable opportunity to do so.

28. As a consequence thereof, Derrick Hooi has been injured.

THIRD CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK
FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION

29. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

30. Defendant City of New York and individual Defendants who were supervisors and final decision makers, as a matter of policy and practice, acted with a callous, reckless and deliberate indifference to Plaintiff Hooi's rights pursuant to the Constitution and laws of the United States, as a consequence of the fact that they failed to adequately discipline, sanction,

train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the Defendant officers in this case to engage in the above-mentioned conduct.

31. The City of New York intentionally maintains a Civilian Complaint Review Board which refuses to conduct investigations of its officers when allegations are brought by civilians against the NYPD; and the officers of the NYPD consequently are not deterred from committing unconstitutional acts such as the acts committed by the individual Defendants in the instant matter.

32. The City of New York has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the DOC and the individual Defendants in the instant matter and has thereby caused the violations of Plaintiffs' rights.

33. The City of New York knew of the pattern of misconduct by Defendants articulated above and did nothing, thereby acquiescing in, or tacitly authorizing, the individual Defendants' actions.

34. As a consequence thereof, Derrick Hooi has been injured.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered that his right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated and:

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be fixed at trial;

(C) An award to Plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

    (E)    Such other and further relief as this Court may deem just and proper.

Dated: June 5, 2014
       New York, New York

>The Law Office of Fred Lichtmacher P.C.
>  *Attorney for Plaintiff*
> The Empire State Building
> 350 Fifth Avenue, Suite 7116
> New York, New York 10118
> (212) 922-9066
>
> _____
> By: Fred Lichtmacher